# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 19-40062
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
October 30, 2019

Lyle W. Cayce
Clerk

JING GAO; ALVIN RABSATT; BARRY NIXON; PATRICIA NIXON; MADISON LOWE; IOLANDA LOWE; KATHERINE PIERCE,

Plaintiffs-Appellants,

v.

BLUE RIDGE LANDFILL TX, L.P.,

Defendant-Appellee.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 3:16-CV-323

Before CLEMENT, ELROD, and OLDHAM, Circuit Judges.

PER CURIAM:*

Plaintiffs live near a landfill in Pearland, Texas. They brought a putative class-action lawsuit against Blue Ridge Landfill TX, L.P. ("Blue Ridge"). They invoked the federal courts' diversity jurisdiction and argued Blue Ridge constituted a nuisance. After losing at summary judgment, Plaintiffs appealed.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-40062

*Jurisdiction.* Plaintiffs now argue the federal courts have no subject-matter jurisdiction because there is not complete diversity of citizenship between the parties. That argument is based solely on Blue Ridge's Answer to the complaint. In its Answer, Blue Ridge denied sufficient knowledge to know whether complete diversity exists and "admit[ted] that it is located at 2200 FM 521 Rd, in Fresno, Texas." ROA.44, 46. Plaintiffs claim the Answer conclusively establishes that Blue Ridge is a Texas citizen. If true, that would deprive the court of diversity jurisdiction because Plaintiffs also are Texas citizens.

Federal courts have an obligation to assess their jurisdiction independent of the parties' assertions. *See MidCap Media Finance, L.L.C. v. Pathway Data, Inc.*, 929 F.3d 310, 313 (5th Cir. 2019). Blue Ridge is a limited partnership, which means that it is "a citizen of the State where it has its principal place of business and the State under whose laws it is organized." 28 U.S.C. § 1332(d)(10). The Supreme Court has held that a business's principal place of business is its "nerve center," which is normally where its headquarters is located, "provided that the headquarters is the actual center of direction, control, and coordination" of its activities. *Hertz Corp. v. Friend*, 559 U.S. 77, 93 (2010).

Blue Ridge is organized under the laws of Delaware. It operates a landfill in Texas, but that fact alone does not make Texas its principal place of business. Blue Ridge filed a motion for leave to amend its Answer to admit to Plaintiffs' allegation that Phoenix is its principal place of business. That motion also contains tax filings to demonstrate that Blue Ridge's "nerve center" is in Phoenix. We are satisfied that Blue Ridge is a citizen of Delaware and Phoenix. And Plaintiffs are citizens of Texas. Therefore, complete diversity exists.

No. 19-40062

*Merits.* Plaintiffs first argue that Blue Ridge is not a "permanent nuisance" under Texas law. We review *de novo* the district court's grant of summary judgment to Blue Ridge, taking the facts in the light most favorable to Plaintiffs. *See Morrow v. Meachum*, 917 F.3d 870, 874 (5th Cir. 2019).

Texas law classifies nuisances as either permanent or temporary. *See Schneider Nat'l Carriers, Inc. v. Bates*, 147 S.W.3d 264, 270 (Tex. 2004). This classification has consequences for the statute-of-limitations analysis. "A permanent nuisance claim accrues when injury *first* occurs or is discovered; a temporary nuisance claim accrues *anew* upon each injury." *Id.*

A "permanent nuisance may be established by showing that either the plaintiff's injuries or the defendant's operations are permanent." *Id.* at 283. "In most nuisance cases, a permanent source will result in permanent interference." *Id.* "The presumption of a connection between the two can be rebutted by evidence that a defendant's noxious operations cause injury only under circumstances so rare that, even when they occur, it remains uncertain whether or to what degree they may ever occur again." *Id.*

The Blue Ridge landfill has been in operation since 1992—roughly a decade before Plaintiffs' homes were constructed. ROA.590. In a survey conducted by Plaintiffs' counsel, numerous residents who lived in the affected area for a decade or more reported experiencing odors continuously ever since they moved to the neighborhood. ROA.660, 662, 667, 669, 675. So both Plaintiffs' injuries and the landfill's operations are permanent, creating a presumption of a permanent nuisance. Having reviewed all the evidence in the light most favorable to Plaintiffs, we see nothing indicating that the odors are so rare that it is uncertain whether or to what degree they may ever occur again. Thus, the presumption of a permanent nuisance is unrebutted.

Plaintiffs next argue their claims are not time-barred. The statute of limitations for nuisance claims in Texas is two years. TEX. CIV. PRAC. & REM.

3

No. 19-40062

CODE § 16.003(a). Because the landfill is a permanent nuisance, Plaintiffs' nuisance claims accrued "when the injury *first* occur[ed] or [was] discovered." *Bates*, 147 S.W.3d at 270.

This lawsuit was filed on November 17, 2016. Therefore, the statute of limitations bars claims for permanent nuisances that first occurred or were discovered before November 17, 2014. As we have already discussed, residents in the Plaintiffs' neighborhood have been experiencing foul odors from the landfill for at least a decade. Named Plaintiff Iolanda Lowe herself testified that in 2007, someone in her neighborhood went door to door with a petition regarding the landfill's odors. ROA.615–16. Even construing the evidence in the light most favorable to Plaintiffs, we agree with the district court that Plaintiffs' claims are barred by the statute of limitations.

Finally, we have reviewed Plaintiffs' untimely supplemental brief and evidence concerning the worsening of the odors in 2015. Nothing in those filings changes our conclusion, so we need not decide whether the district court erred in excluding them. *See Knight v. Kirby Inland Marine Inc.*, 482 F.3d 347, 355 (5th Cir. 2007).

\*     \*     \*

The district court's judgment is AFFIRMED. Defendant's motion to amend is GRANTED.

4